**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**TONNIE COLLINS**                                                                    **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 3:09-cv-626-HTW-LRA**

**FLASH LUBE OIL, INC.**                                                   **DEFENDANT**

**MISSISSIPPI MUNICIPAL WORKERS'
COMPENSATION GROUP, INC.**                                       **INTERVENOR**

**<u>ORDER GRANTING SUMMARY JUDGMENT</u>**

Before the court is defendant's, Flash Lube Oil, Inc.'s, ("Flash Lube"), Motion for Summary Judgment [docket no. 23].  The motion is opposed by plaintiff, Officer Tonnie Collins ("Officer Collins").  Officer Collins alleges in his complaint, filed September 30, 2009, in the Circuit Court of Pike County, Mississippi, that Flash Lube was negligent in permitting him to enter the area where oil changes were performed, thus resulting in his serious injury due to a slip and fall.  At issue here is whether Officer Collins' lawsuit must be dismissed by application of the "Firefighter's Rule," since Officer Collins was on the premises to quell a potential disturbance.  Flash Lube removed the action to this federal court on October 21, 2009.

**I. FINDINGS OF FACT**

On April 10, 2007, Officer Collins was on-duty as a patrol officer with the City of McComb, Mississippi Police Department, when he responded to a call from the dispatcher regarding an alleged belligerent customer and a possible altercation at the Shell Rapid Lube store. The business, owned by Flash Lube, is located at 1711 Delaware Avenue in McComb, Mississippi. The facility primarily services automotive oil changes.

1

When Officer Collins arrived at the Flash Lube store, rain was still falling. He parked, then exited his vehicle. He was met by the manager of the store, James Jeffers ("Jeffers"), and the alleged unruly customer, Jerry Gressett ("Gressett"). They began explaining the situation to him. Then, Officer Collins followed Jeffers into the work area of one of the vehicle bays, where the oil changes were conducted.

As he was walking into the vehicle bay, Officer Collins saw water on the floor inside the vehicle bay, which he believed to be rainwater blown in from outside by the wind. Jeffers later stated after the accident that the floor was wet from cars driving in and out, bringing in rainwater, and from humidity causing the concrete floor to "sweat." Officer Collins also knew that the area inside the vehicle bay was where Flash Lube performed oil changes. Officer Collins said, however, he did not see any oil on the floor inside the bay prior to his fall.

Inside the vehicle bays, Flash Lube had posted a sign that read, "Customers, please stay clear of the work area." Flash Lube also had a yellow "Caution, wet floor" sign placed near the area where Officer Collins would later fall. Officer Collins says he did not see either of these signs.

Once inside the vehicle bay, Officer Collins attempted to resolve the dispute between Jeffers and the customer. The quarrel was ignited by the choice of oil Jeffers said he would use in the customer's truck. The customer accused Jeffers of using bulk, recycled oil, which the customer would not accept. Jeffers denied that accusation.

The argument escalated and Officer Collins believed a physical altercation between Jeffers and the customer was imminent. To prevent an altercation, Officer Collins stepped between the two men, at which point he lost his footing and fell to the

2

concrete floor of the work area inside the bay.   Neither Officer Collins nor Jeffers noticed any oil or grease on the floor inside the vehicle bay after Officer Collins' fall.

At the time of the incident, Officer Collins was on duty as a police officer and was present at the Flash Lube store solely in his capacity as a law enforcement officer, responding to a disturbance call.   Officer Collins was not there for any personal business of his own.   No employee or agent of Flash Lube did anything willfully, wantonly, or intentionally to injure Officer Collins.

After the fall, Officer Collins did not advise Jeffers or other Flash Lube employees that he had been injured or required medical assistance.   At the suggestion of his commanding officer, however, Officer Collins left the store and went to a medical clinic to seek treatment for lacerations on his forearms.   The other officers who were present remained at the scene until the dispute between Jeffers and the customer was resolved.

## II. JURISDICTION

This court has diversity jurisdiction pursuant to Title 28 U.S.C. § 1332.[1]   As such, this court will apply Mississippi tort law to the substantive issues in this case pursuant to the *Erie* Doctrine.  *Erie v. Tompkins*, 304 U.S. 64, 78-79; 58 S.Ct. 817; 82 L.Ed. 1188 (1938).  Under the *Erie* Doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.  *Foradori v. Harris*, 523 F.3d 477, 486 (5th

---

[1] Title 28 U.S.C. § 1332(a)(1) provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
>   (1) Citizens of different States . . .

3

Cir. 2008) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426-427, 116 S.Ct. 2211, 135 L. Ed. 2d 659 (1996)).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23; 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In response to a motion for summary judgment, the non-moving party must provide specific proof demonstrating a triable issue of fact as to each of the elements required to establish the claim asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122-23 (5th Cir. 1988). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

## IV. ANALYSIS

The relevant and material facts in this case are undisputed.  Officer Collins was present at, and entered, the Flash Lube store solely in his capacity as a police officer responding to a disturbance call.  He was in the act of interceding in the dispute between Jeffers and the alleged unruly customer when he slipped and fell.  The primary question before this court is whether the "Firefighter's Rule," as adopted by the Mississippi Supreme Court, is applicable under the circumstances of this case to bar Officer Collins' claims.

## A. THE FIREFIGHTER'S RULE

In *Farmer v. B & G Food Enterprises, Inc.*, 818 So. 2d 1154 (Miss. 2002), the plaintiff, Shelton Farmer, was acting in his capacity as an on-duty police officer, when

he was called to a Taco Bell restaurant and attempted to break up a fight in the restaurant between a customer and a Taco Bell employee.  During the scuffle, one of the fighters kicked and seriously injured Officer Farmer's knee.  Farmer sued the owner of the Taco Bell for his knee injury.  *Id.* at 1155-56.  The circuit court adopted the "Firefighter's Rule," which prohibits recovery by firefighters and police officers injured as a result of "a risk inherent in, and foreseeable as a part of their duties as police officers." *Id.* at 1156 (citing 62 Am. Jur. 2d *Premises Liability* § 431 (1990)).  Thus, the circuit court dismissed Farmer's suit, finding that Farmer's claims were barred by the "Firefighter's Rule." *Id.*

On appeal, the Mississippi Supreme Court, in a matter of first impression, affirmed the circuit court's dismissal of Farmer's suit based on the application of the "Firefighter's Rule."  In its opinion, the Supreme Court first examined the origin of, and justifications for, the "Firefighter's Rule," noting that "the firefighter's rule originated over one hundred years ago and classified a firefighter as a licensee, with the property owner owing a duty to refrain from engaging in wil[l]ful, wanton or intentional conduct." *Farmer*, 818 So. 2d at 1156.  The court thus explained that, under the rule, the premises owner cannot be liable for accidental or even negligent injuries sustained by the fireman or police officer while performing his or her official duties.  *Id.*  The rule "is an expression of public policy because it prohibits a firefighter from 'complaining about the negligence that creates the very need for his or her employment.'" *Id.* at 1159.

The Mississippi Supreme Court formally adopted the Wisconsin version of the "Firefighter's Rule," holding that:

> [A]n action brought by a firefighter or a police officer for an injury sustained
> as the result of a negligent act by another party and sustained in the

5

course of his employment is barred only when the sole negligent act is the same negligent act that necessitated rescue and therefore brought the firefighter or police officer to the scene of the emergency.

*Id.* 1159-60 (citing *Pinter v. Am. Family Mut. Ins. Co.*, 236 Wis. 2d 137, 613 N.W.2d 110, 115 (2000)) (additional citations omitted).

Applying this rule to Farmer's claim, the Mississippi Supreme Court explained that:

> The police were summoned to respond to a disturbance (a fight) at the Taco Bell.  When Farmer, a police officer, arrived on the scene, the two men were still fighting.  In an attempt to break up the fight, Farmer was injured.  Farmer's injury was sustained as the result of the same negligent act that necessitated the call for police assistance and that brought Farmer to the Taco Bell.

*Farmer*, 818 So. 2d at 1160.  Since Farmer was injured as a result of the same action that necessitated the call to the police for assistance in the first place (the fight between the two men in the Taco Bell), the Mississippi Supreme Court held that the "Firefighter's Rule" prevented Farmer from recovering against the defendant, and upheld the circuit court's dismissal of Farmer's complaint.  *Id.*

In this case, *sub judice*, Officer Collins was an on-duty police officer at the time of the incident.  He was present at Flash Lube's store solely in his role as a law enforcement officer, responding to a disturbance call.  He was not there for any personal business of his own.  Officer Collins was sent to the scene of Flash Lube's store by the dispatcher to resolve a dispute between Jeffers and an alleged unruly customer. While attempting to resolve the dispute between Jeffers and the customer, Officer Collins, acting in his official capacity, stepped between the two men when he anticipated that the confrontation was about to escalate to physical violence.  It was during that step that he slipped and fell.

6

Officer Collins argues that the "Firefighter's Rule" is not applicable in this case because he was not injured while involved in an altercation, as in *Farmer*, but by an alleged defect on the premises, supposedly unrelated to the altercation, namely a wet and allegedly slippery floor.  Officer Collins asserts that the sole cause of his injury was the dangerous condition of the floor, not the argument he was dispatched to quell.  The "Firefighter's Rule" adopted in Mississippi, however, does not differentiate between such causes under these circumstances.

Officer Collins was injured while trying to prevent a physical altercation, just as he had been dispatched to the store to do.  As in *Farmer*, Officer Collins was injured as a result of "a risk inherent in, and foreseeable as a part of [his] duties as [a] police officer[]."  *Id.* 1156.  Officer Collins' injuries were sustained as a result of the same disturbance (the altercation between Jeffers and the customer) that necessitated the call for police assistance and that which had brought Officer Collins to Flash Lube's store in the first place.  Therefore, under Mississippi law, as a matter of law, the Firefighter's Rule bars Officer Collins from bringing this claim against Flash Lube, just like the plaintiff in Farmer.  *Farmer*, 818 So. 2d at 1160.

While the Mississippi courts have not further examined the Firefighter's Rule since *Farmer*, other courts have rejected the exact argument now being asserted by Officer Collins.  For instance, the State of Maryland uses the same version of the "Firefighter's Rule" adopted by Mississippi in *Farmer*.  As stated in *Hart v. Shastri Narayan Swaroop, Inc.*, 870 A.2d 157 (Md. 2005):

> Under Maryland common law, the Fireman's Rule provides that firemen and police officers generally cannot recover for injuries attributable to the negligence that requires their assistance.  A fireman or police officer may not recover if injured by the negligently created risk that was the very

reason for his presence on the scene in his occupational capacity. Someone who negligently creates the need for a public safety officer will not be liable to a fireman or policeman for injuries caused by this negligence.

*Id.* at 158 n.1 (internal citations omitted).

The Maryland Court of Appeals (Maryland's highest court), has extended the "Firefighter's Rule" to bar a police officer's claim under circumstances very similar to those here.  Recently, in *White v. State*, 19 A.3d 369 (Md. 2011), the Maryland court cited to *Sherman v. Suburban Trust Co.*, 84 A.2d 76 (1978).  In *Sherman*, Officer Sherman was dispatched to the bank to respond to an attempt to pass a forged check. When he arrived, Sherman went to the door of the teller's cage, and after identifying himself, the teller permitted him to enter.  The teller's cage was a very small room. The teller then accidentally dropped the forged check to the floor while she was speaking to Sherman.  Officer Sherman stepped back and squatted down to retrieve the check, and as he did so, his buttocks and lower back struck the metal scoop arm of the coin-changing machine, causing him injury.  *Id.* at 78.

In reaffirming *Sherman* and the "Firefighter's Rule," the *White* court explained that:

> We recognized in *Sherman*, as we had done in *Aravanis*, that, after the initial period of anticipated risk, a public safety officer may be entitled to ordinary due care.  We held, though, that Officer Sherman's **status had not changed at the time of his injury**, and, consequently, the firefighter's rule applied to bar his suit against the bank.  We explained why: Sherman **was injured during**, and not after, **the initial period of his anticipated occupational risk**, and from a hazard reasonably foreseeable as a part of that risk.  He was not injured by reason of any active dangerous force unleashed on the premises after he entered upon the routine performance of his duties . . . .  282 Md. at 246, 384 A.2d at 81.

*White*, 19 A.3d at 374 (emphasis added).   *See also Shastri Narayan Swaroop, Inc. v. Hart*, 854 A.2d 269 (Md. Ct. Spec. App. 2004), aff'd *Hart v. Shastri Narayan Swaroop, Inc.*, 870 A.2d 157 (Md. 2005) (holding "Firefighter's Rule" barred fireman's claim for injuries from falling down open, unguarded stairwell, which was obscured by smoke, while rescuing patrons from hotel fire).

Here, Officer Collins was not simply standing idly in the store or walking non-purposefully through it when he fell, and he was not injured after the dispute had been resolved.   It is undisputed that Officer Collins fell while he was in the process of stepping between Jeffers and the customer, who were about to engage in a physical altercation.   Officer Collins' deposition testimony says as much: "they was going to tie up.  And that's when I got between them.  And when I got between them that's when the accident happened.  That's when I fell;" s*ee* Deposition, Exhibit B at p. 31, L 16-19; "the owner . . . went at the guy, that's when I was fixing to get between them, and when I got between them I lost my footing . . . ."; s*ee* Deposition, Exhibit C at p. 27, L 15 to p. 28, L 19.

Just as in *Farmer*, Officer Collins' injury was sustained as a result of the same act that necessitated the call for police assistance which brought Officer Collins to the Flash Lube store in the first place, namely the argument and imminent physical altercation between Jeffers and the customer.  *Farmer*, 818 So. 2d at 1160.  More importantly, just as in *Sherman*, Officer Collins was injured during, and not after, the period of his occupational risk, and from a hazard reasonably foreseeable as a part of that risk.  Simply put, but for the dispute between Jeffers and the customer, Officer Collins would not have been dispatched to Flash Lube, he would not have been on

9

Flash Lube's premises, he would not have stepped between the two men to prevent the fight and, thus, he would not have slipped and fallen in an effort to do so.  Therefore, this court finds that Officer Collins' claims are barred by the "Firefighter's Rule," as adopted in Mississippi.

## B. THE LICENSEE DOCTRINE

Moreover, Officer Collins' claims are without merit even if the "Firefighter's Rule" does not apply under the circumstances of this case.   In the absence of the "Firefighter's Rule," this case would have to be decided under traditional premises liability law.   *Id.* at 1157.   Under Mississippi's premises liability status distinctions, Officer Collins cannot recover from Flash Lube because he was a licensee on Flash Lube's premises at the time of his fall, and Flash Lube did nothing willfully, wantonly, or intentionally to injure him.

The traditional premises-liability statuses and their definitions are well established in Mississippi:

> [A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage . . . .  A licensee is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner whereas a trespasser is one who enters upon another's premises without license, invitation, or other right.

*Corley v. Evans,* 835 So. 2d 30, 37 (Miss. 2003) (quoting *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1011 (Miss. 1978)).  "The determination of which status a particular plaintiff holds can be a jury question, but where the facts are not in dispute the classification becomes a question of law for the trial judge."  *Little by Little v. Bell*, 719

10

So. 2d 757, 760 (Miss. 1998) (quoting *Adams v. Fred's Dollar Store of Batesville,* 497

So. 2d 1097, 1100 (Miss. 1986)).

The facts regarding the reason and purpose for Officer Collins' presence at Flash

Lube are undisputed.  Officer Collins was not trespassing on Flash Lube's property at

the time of his fall.  Moreover, Officer Collins was not on Flash Lube's premises at the

invitation of Flash Lube to conduct business with Flash Lube.  Flash Lube is in the

business of changing oil in vehicles. Officer Collins was not having the oil changed at

Flash Lube in his personal vehicle or any vehicle of the McComb Police Department at

the time of his fall.  Nor was Officer Collins there by his own choice.  He was on-duty as

a sworn police officer and was instructed by dispatch to respond to a disturbance there.

Therefore, Officer Collins' status on Flash Lube's property at the time of his fall was that

of a licensee.

Officer Collins argues, though, that he was an invitee on Flash Lube's premises

at the time of his fall because Jeffers had called the police and requested that an officer

come.  To be an invitee, however, Officer Collins had to enter onto Flash Lube's

premises for the mutual advantage of Flash Lube and himself.  *Corley*, 835 So. 2d at

37.  It is without question, however, that Officer Collins did not go to Flash Lube's store

for his own personal advantage.  He was directed to Flash Lube's store by the

dispatcher to respond to a disturbance at the store.  He had no personal business of his

own at the store, and the entire time he was on Flash Lube's premises on the day at

issue he was "on-duty" as a sworn officer with the McComb Police Department.  All

actions he took while on Flash Lube's premises were done in his official capacity as a

peace officer.  He was obligated to go to the store at the direction of his superiors to

11

maintain the peace for the benefit of society in general and the community as a whole. *Farmer*, 818 So. 2d at 1157, 1159 ("these officers are employed for the benefit of society in general . . ." and "[t]he benefit of the performance of the [officer's] duty is shared by all citizens of the community . . .") (citations omitted).  Since Officer Collins did not go to Flash Lube's store by his own personal choice, nor for his own advantage or benefit, he was not an invitee on Flash Lube's premises at the time of his fall.

Therefore, this court finds, as a matter of law, that Officer Collins was a licensee in Flash Lube's store at the time of his fall.  Indeed, as the *Farmer* Court held, outside the "Firefighter's Rule," the traditional premises liability statuses apply, and "[m]ost states . . . continue to treat police officers and firefighters as licensees . . . ." *Id.* at 1157, 1159-60.  "A landowner owes a licensee a duty to refrain from willfully or wantonly injuring him." *Bell*, 719 So. 2d at 760 (¶ 16).

Officer Collins makes no allegations in his Complaint, nor has he presented any evidence in his response to defendant's summary judgment motion, that Flash Lube did anything willfully, wantonly, or intentionally to injury him.  In fact, Officer Collins admitted that no such conduct occurred.  Accordingly, this court finds that, when this case is analyzed under traditional premises liability law, Flash Lube has no liability to Officer Collins for his claimed injuries.

## C. FAILURE TO WARN

Finally, Officer Collins' "failure-to-warn" claim against Flash Lube must also fail as a matter of law, regardless of his status.  Mississippi law provides that "[t]here is no duty to warn of a defect or danger that is as well known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are obvious or

should be obvious to the invitee in the exercise of ordinary care." *Criss v. Lipscomb Oil Co.*, 990 So. 2d 771, 773 ¶ 4 (Miss. Ct. App. 2008) (*citing Grammar v. Dollar*, 911 So. 2d 619, 624 ¶ 12 (Miss. Ct. App. 2005)). "There is no duty to warn of open and obvious dangers." *Richardson v. Grand Casinos of Mississippi, Inc. – Gulfport, LLC*, 935 So. 2d 1146, 1148 ¶ 6 (Miss. Ct. App. 2006).

Officer Collins testified that it was raining when he arrived at the Flash Lube store. He also admitted he saw water on the floor inside the vehicle bays at Flash Lube prior to his fall, which he believed was rainwater blown into the bay from outside by the wind. Officer Collins also testified that he knew the area where he fell was where oil changes were being performed. Given Officer Collins' knowledge of water being on the floor prior to his fall, Flash Lube had no duty to warn him of the presence of water in any of the vehicle bays. Thus, Officer Collins' failure-to-warn argument has no merit.

Furthermore, even if Flash Lube owed some duty to warn Officer Collins about the wet floor, the evidence in this case establishes that Flash Lube did not breach this duty. Jeffers testified that a warning sign there read, "Customers, please stay clear of the work area." Also posted inside the vehicle bays, was a yellow "Caution, wet floor" sign in the area where Officer Collins fell. Officer Collins testified that he did not see either of these signs, so he does not know for sure if they were there. The undisputed evidence establishes that Flash Lube posted warning signs in the area where Officer Collins fell, and Officer Collins was aware water was on the floor in this area prior to his fall. Accordingly, Flash Lube had no duty to warn Officer Collins of the water, regardless of his status.

The undisputed facts in this case are that, at the time of his fall: (1) Officer Collins was acting in the course and scope of his employment as a sworn police officer with the McComb Police Department; (2) Officer Collins was dispatched to the Flash Lube store to respond to a disturbance involving a dispute between the store owner and an unruly customer, and he was not at the store to conduct any business with Flash Lube; (3) Officer Collins was attempting to resolve this dispute, and he was stepping between the owner and the customer to prevent an imminent physical altercation, when he fell; (4) Flash Lube did nothing willfully, wantonly, or intentionally to injure Officer Collins; and (5) Officer Collins knew before he fell that water was on the floor of the vehicle bays and that oil changes were performed therein.  Under these undisputed facts, Officer Collins' claims against Flash Lube are barred by the Firefighter's Rule, as adopted in Mississippi, and because Officer Collins was a licensee at the time of his fall.  Further, Flash Lube was not liable under these circumstances, for breaching a duty to warn of a defect or danger.

IT IS, THEREFORE, ORDERED AND ADJUDGED that, based on the above and foregoing, the defendant, Flash Lube Oil, Inc.'s, Motion for Summary Judgment is hereby granted.  This court will enter, in accordance with the local rules, a Final Judgment of dismissal with prejudice in favor of the defendant, Flash Lube Oil, Inc., and against the plaintiff, Tonnie Collins.

**SO ORDERED AND ADJUDGED**, this, the 30th day of September, 2012.

                                        /s/  Henry T. Wingate
                                UNITED STATES DISTRICT JUDGE

Order Granting Summary Judgment
3:09-cv-626-HTW-LRA